UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANNA CLAIRE BATES AND JANE DOE** | }<br>}<br>} |
| **Plaintiffs,** | }<br>} |
| v. | } Case No.: 2:23-CV-01063-RDP<br>} |
| **SEQUEL YOUTH AND FAMILY**<br>**SERVICES, LLC, et al.,** | }<br>}<br>} |
| **Defendants.** | }<br>} |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant John Ripley's Motion to Certify Interlocutory Appeal and Stay Proceedings. (Doc. # 68). The Motion asks the court to certify for interlocutory appellate review its October 14, 2025 decision (Docs. # 63, 64). In particular, Ripley asks the court to certify its ruling that the nationwide service of process provision found in 18 U.S.C. § 2255(c)(2) applies to him. He contends that as he is only alleged to have beneficiary liability in relation to Plaintiffs' claims brought under to 18 U.S.C § 1595 (for violations of 18 U.S.C. § 1589(a) and § 1590(a)), the nationwide service provision does not apply to him.

**I.      Background**

Plaintiffs Anna Claire Bates and Jane Doe filed their initial Complaint in this action against Defendants Sequel TSI Holdings, LLC, Sequel TSI of Alabama, LLC, Sequel TSI of Auldern, LLC, and Sequel Youth and Family Services, LLC, on August 14, 2023. (Doc. # 1). On November 11, 2023, Plaintiffs filed their First Amended Complaint (Doc. #15), and on May 16, 2025, Plaintiffs filed their Second Amended Complaint (Doc. # 44). Defendant Ripley was first named as a Defendant in the Second Amended Complaint ("SAC"). (*Id*. at ¶¶ 33-36).

In 2000, Congress passed the Trafficking Victims Protection Act ("TVPA"). *See* Pub. L. No. 106-386, § 102(a), 114 Stat. 1464, 1467 (2000). The TVPA was the first comprehensive law in the United States to criminally penalize the full range of human trafficking offenses. *See* 18 U.S.C. § 1591, *et seq*. In 2003, Congress reauthorized the TVPA. See 1150 Pub. L. No. 108-193, § 4(a)(4)(A), 117 Stat. 2875, 2878 (2003). In connection with its reauthorization, Congress passed the Trafficking Victims Protection Reauthorization Act ("TVPRA") which created a *civil* cause of action for victims under the criminal statute. The TVPRA is codified at 18 U.S.C. § 1595.

Plaintiffs' SAC alleges that Ripley (1) benefitted from forced labor violations of 18 U.S.C. § 1589(a), and (2) benefitted from human trafficking in violation of 18 U.S.C. § 1590(a). (Doc. # 44 at 72-76, 78-83). The SAC alleges that Plaintiffs were victims of violations of §§ 1589(a) and 1590(a). (*Id*.). Under 18 U.S.C § 1595, they asserted civil claims against Ripley alleging he benefitted from violations of the criminal statutes at issue. 18 U.S.C. §§ 1589(a) and 1590(a).

Title 18 U.S.C. § 2255 "specifically authorizes victims who were minors at the time certain . . . offenses were committed to bring civil actions for such criminal violations." *Doe #1 v. MG Freesites, LTD*, 676 F. Supp. 3d 1136, 1173 (N.D. Ala. 2022). Section 2255 is titled "Civil remedy for personal injuries" and provides in pertinent part:

> (a) In general.--Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court . . . .
>
> (c) Venue; service of process.—
>
> (1) Venue.--Any action brought under subsection (a) may be brought in the district court of the United States that meets applicable requirements relating to venue under section 1391 of title 28.

(2) Service of process.--In an action brought under subsection (a), process may be served in any district in which the defendant—

    (A) is an inhabitant; or

    (B) may be found.

18 U.S.C. § 2255(a), (c). As the Honorable L. Scott Coogler explained in *MG Freesites*,

> The Eleventh Circuit has held that "[w]hen a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 579 (11th Cir. 2014) (quoting *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). When the plaintiff's claims are brought under such federal statutes, the statutory "nationwide service-of-process provision grants district courts nationwide personal jurisdiction over any defendant that has minimum contacts with the United States.... In such an instance, the constitutional limits of the court's jurisdiction are fixed by the Due Process Clause of the Fifth Amendment, rather than the Fourteenth Amendment, and the applicable forum for a minimum contacts analysis is the United States." *Id*. at 579-80 (citing *U.S. Sec. & Exch. Comm'n v. Carrillo*, 115 F.3d 1540, 1544 & n.4 (11th Cir. 1997)).

*MG Freesites*, 676 F. Supp. 3d at 1172.

Here, in applying the nationwide service of process under § 2255 to Plaintiffs' claims against Ripley, the court concluded that "[s]ince Plaintiffs allege that while they were minors, they were 'victim[s] of a violation of section 1589 [and] 1590' in their suit under § 1595(a), § 2255(a) authorizes them to 'sue in any appropriate United States District Court[.]'" (Doc. # 63 at 9 (citing 18 U.S.C. § 2255(a) and *Doe v. MG Freesites, LTD*, 2024 WL 5339485 at *8 (December 19, 2024)). Therefore, the court found that it had "personal jurisdiction over Defendant Ripley based on the nationwide service of process provision applicable to Plaintiffs' claims." (*Id*. at 10).

Ripley asks this court to "certify [for] interlocutory review under 28 U.S.C. § 1292(b) [] its October 14, 2025 decision finding that the nationwide service of process provision in 18 U.S.C. § 2255(c)(2) is applicable to a defendant who is only alleged to be a defendant under 18 U.S.C. § 1595(a) for beneficiary liability." (Doc. # 68 at 1, 12). Ripley also asks that the court stay this case

"preferably as to all parties, but at a minimum [] as to him" pending interlocutory review." (*Id*. at 10-12).

Plaintiffs oppose the Motion. They argue that "[t]here is no substantial ground for difference of opinion[,]" and that "[t]he district courts in the Eleventh Circuit are not split on this issue." (Doc. # 71 at 8-9). Rather, they argue, "Ripley simply disagrees with this [c]ourt's decision, which is not enough to warrant interlocutory review." (*Id*. at 13).

In his Reply, Ripley attempts to create a split in this circuit on the availability of nationwide service under these circumstances. But, he does so by pointing to a footnote in Judge Coogler's *MG Freesites* opinion about a decision from the Middle District of Tennessee. (Doc. # 73 at 5 & n.1, 2). *See Ramsbottom v. Ashton*, 2022 WL 106733, at *14 (M.D. Tenn. Jan. 11, 2022). Obviously, a decision from Tennessee is an out-of-circuit district court decision.

**II.     Standard of Review**

Nearly seventy years ago, Congress recognized a need for the prompt review of certain non-final orders that present potentially dispositive questions of law. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). Section 1292(b) allows for discretionary appellate review of a district court's interlocutory order. But, the statute requires that a district court certify "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Absent such a certification, and unless there is another avenue for doing so, the court of appeals may not agree to hear the interlocutory appeal. A certified interlocutory appeal is a "rare exception" to the rule that appellate review is to be conducted after final judgment. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004); *see also OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th

Cir. 2008) (noting that Section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals" and that "[m]ost interlocutory orders do not meet this test").

To obtain certification of an interlocutory order under § 1292(b), a party must demonstrate that (1) the order presents controlling questions of law (2) over which there is a substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issues would materially advance the ultimate termination of the litigation. *See McFarlin*, 381 F.3d at 1257-59 (describing the three requirements for certifying an issue for interlocutory review). A party seeking certification bears the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475 (citation and internal quotation marks omitted); *McFarlin*, 381 F.3d at 1256 (internal quotations omitted) (holding that certification is proper "only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . and there is serious doubt as to how [a dispositive question] should be decided"). Moreover, interlocutory appeals under § 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin*, 381 F.3d at 1259.

Therefore, certification is, by a wide margin, the exception, not the rule. "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* "Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule." *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996) (internal quotation marks omitted).

**III.   Analysis**

Ripley seeks certification of the following question for interlocutory appeal: Whether the nationwide service of process provision in § 2255(c)(2) applies to a defendant alleged only to have violated § 1595(a). (Doc. # 68 at 2).

The court addresses the three requirements for § 1292(b) certification below.

**A.   Controlling Question of Law**

In the context of § 1292(b), a controlling issue of law is a question about the meaning of a statutory or constitutional provision, regulation or common law doctrine that is a question "of pure law" which "the court of appeals can decide quickly and cleanly without having to study the record." *Mamani v. Berzain*, 2010 WL 11442696, at *1 (S.D. Fla. Mar. 17, 2010); *see McFarlin*, 381 F.3d at 1258. "Additionally, the issue must be 'controlling of at least a substantial part of the case.'" *Id.* (quoting *McFarlin*, 381 F.3d at 1264). "A question of law is controlling if its resolution will 'determine the outcome or even the future course of the litigation.'" *Alabama Aircraft Indus., Inc. v. Boeing Co.*, 2017 WL 4572484, at *1 (N.D. Ala. Apr. 3, 2017) (quoting *Judicial Watch v. Nat'l Energy Policy Dev.*, 233 F. Supp.2d 16, 19 (D. D.C. 2002)).

The proposed question is a purely legal question that will not require the appellate court to study the factual record. However, the only issue that the question would resolve is whether Defendant Ripley remains a defendant in the case. If the Eleventh Circuit were to accept an interlocutory appeal of the proposed question, the most that a favorable response to the question he poses would achieve is his dismissal from this case. This litigation would still proceed against the other Defendants. It is a close question, but the court need not resolve it because Ripley has failed to establish the other two requirements.

B.     **Substantial Ground for Difference of Opinion Among Courts**

A substantial ground for difference of opinion exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue. *Ga. State Conf. of the NAACP v. Fayette Cnty. Bd. of Comm'rs*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013); *see also United States. ex rel. Powell v. Am. InterContinental Univ., Inc.*, 756 F. Supp. 2d 1374, 1378-79 (N.D. Ga. 2010) (citing *In re Scientific-Atlanta, Inc. v. Secs. Litig.*, 2003 WL 25740734, at *1 (N.D. Ga. Apr. 15, 2003) ("neither the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion")).

The court has no hesitation in concluding that Ripley has not demonstrated that there is a substantial ground for difference of opinion among courts on this issue. This question has already been addressed by other courts in this Circuit. Indeed, in its ruling this court followed a decision by the Honorable L. Scott Coogler who addressed nationwide service of process under § 2255 in *Doe #1 v. MG Freesites*. (Doc. # 63 at 8-9 (citing *Doe #1 v. MG Freesites, LTD*, 676 F. Supp. 3d 1136, 1171-75 (N.D. Ala. 2022)).

Ripley has not identified a split between the courts in this Circuit on this issue. His only support for his argument is found in a decision issued by a judge from the Middle District of Tennessee. *Ramsbottom v. Ashton* (2022 WL 106733, at *1 (M.D. Tenn. Jan. 11, 2022)). But, the Middle District of Tennessee is not a court within this Circuit, so there is no real split there.

Further, and in any event, a careful reading of the case shows that in reaching its decision in *Ramsbottom*, the court did not interpret the plain language of 18 U.S.C. § 2255(a). Rather, that court actually added language to the statute. As that court stated,

> *Although the statute does not include the words* "against the perpetrator" *after the words* "may sue," *the court finds that* the statute only makes sense if it is interpreted to include that limitation[].

*Ramsbottom*, 2022 WL 106733, at *14.

The court disagrees with that view. But, there is even a more straight-forward reason for rejecting that analysis. In this Circuit, courts look to the plain meaning of the statute. *See, e.g.*, *United States v. Silva*, 443 F.3d 795, 797 (11th Cir. 2006). The plain meaning of § 2255(a) states:

> "Any person who, *while a minor, was a victim* of a violation of section *1589, 1590, 1591* [] and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, *may sue in any appropriate United States District Court*."

18 U.S.C. § 2255(a) (emphasis added). And, subsection (c) provides:

> (c) Venue; service of process.—
>
> (3) Venue.--Any action brought under subsection (a) may be brought in the district court of the United States that meets applicable requirements relating to venue under section 1391 of title 28.
>
> (4) Service of process.--In an action brought under subsection (a), process may be served in any district in which the defendant—
>
> > (A) is an inhabitant; or
> >
> > (B) may be found.

18 U.S.C. § 2255(c).

Plaintiffs here were minor victims of alleged § 1589(a) and § 1590(a) violations and contend they suffered personal injuries. They sued Ripley, who they contend was a beneficiary of those violations under 18 U.S.C § 1595. Section 1595 creates beneficiary liability.

Section 2255(a) simply does not contain the limiting words "against the perpetrator" that the *Ramsbottom* court read into it. The plain reading of the actual text of § 2255(a) allows minor victims who were subjected to violations of § 1589(a) and § 1590(a) to take advantage of its nationwide service of process.

8

Ripley also identifies *Doe v. Royal Caribbean Cruises, Ltd*, 860 F. Supp. 2d 1337, 1341 (S.D. Fla. 2012) and asserts that case supports his view that another court has departed from this court's and Judge Coogler's analysis supporting the existence of courts having a difference of opinion. The court disagrees. The *Doe No. 8* case also rejected the idea of "re-writ[ing] the statute by inserting (after "may sue") the words 'the offender' or 'the perpetrator.'" *Jane Doe No. 8*, 860 F. Supp. 2d at 1340. Thus, that case is actually an in-Circuit district court opinion that applies the Eleventh Circuit's principles of statutory interpretation. It is consistent with this court's decision.

Ripley has not identified any circuit split on this issue. Simply stated, Ripley has failed to establish a substantial ground for difference of opinion on the relevant legal issue.

### C.     Material Advancement of the Litigation

The third element requires "that a proper interlocutory appeal advance the termination of litigation[.]" *Ibrahim v. FINR III, LLC*, 2016 WL 409630, at *3 (M.D. Fla. Feb. 3, 2016) (quoting *McFarlin*, 381 F.3d at 1259). "It means that the resolution of the controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. On this score, Ripley again fails to make the required showing.

Resolution of Ripley's proposed question would not aid in advancing the termination of this litigation. At best, it would lead to his dismissal. However, the proposed interlocutory appeal would actually prolong this litigation, particularly in light of Ripley's request that the entire litigation be stayed pending the appeal. Allowing such delay would be inconsistent with Federal Rule of Civil Procedure 1, which requires that the Rules be employed by "the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Allowing the requested interlocutory appeal may also result in two different appeals, one interlocutory and one at a later stage based on the resolution of dispositive motions or trial. *See*

*Glob. Access Ltd. v. AT&T Corp.*, 987 F. Supp. 1459, 1463 (S.D. Fla. 1997) (citing *Lorentz v. Westinghouse Elec. Corp.*, 472 F. Supp. 954 (W.D. Pa. 1979)).

The bottom line is this: even if the court were to certify the interlocutory appeal, this litigation will not be shortened. As the Eighth Circuit has noted, "an interlocutory appeal may not materially advance the ultimate termination of litigation if, regardless of the [appellate court's] decision, the litigation will proceed in 'substantially the same manner.'" *Minnesota v. Fleet Farm LLC*, 2024 WL 22102, at *7 (D. Minn. Jan. 2, 2024) (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994)). Here, if an appeal were permitted, at best, this litigation would proceed in the same manner against the other defendants. There is also a prospect that the time period of the litigation would be lengthened.

## IV. Conclusion

Because Ripley has not satisfied either the second or third elements required to certify a question for interlocutory appeal, he has failed to overcome "strong presumption against interlocutory appeals." *See United States v. One Parcel of Real Property,* 767 F.2d 1495, 1498 (11th Cir.1985). Therefore, Ripley's Motion to Certify Interlocutory Appeal and Stay Proceedings (Doc. # 68) is **DENIED**.

**DONE** and **ORDERED** this January 12, 2026.

**R. DAVID PROCTOR**
SENIOR U.S. DISTRICT JUDGE